**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TWANDA D. BURKS, ANTHONY BROWN, )
LOUIS HALL, KRISTOFFER BELL, SHARON )
DIXON, ROY ESTES, CHRISTOPHER GEORGE, )
STEVE HEMPHILL, SAMUEL LOZANO, )
HENRY McBEE, RAMSEY PAHRUE, TAMEKA )
RICHMOND, FLOYD TILLIS, JR., ALI TODAN, )
ANTHONY WRIGHT, BRANDON HARRISON, )
SHAWNTAE HAYWOOD, NORMA JEAN )
BIVENS, TARMAR BIVENS and LARRY A. )
BORN, on behalf of themselves and all other )
persons similarly situated, known and unknown, )
                                               )
                    Plaintiffs, )
                                               )     Case No.
     v. )
                                                 )     Judge
WAL-MART STORES, INC., LABOR READY - )
MIDWEST, INC. and QPS EMPLOYMENT )
GROUP, INC., )
                                               )
                  Defendants. )

## CLASS ACTION COMPLAINT

Plaintiffs Twanda D. Burks, Anthony Brown, Louis Hall, Kristoffer Bell, Sharon Dixon, Roy Estes, Christopher George, Steve Hemphill, Samuel Lozano, Henry McBee, Ramsey Pahrue, Tameka Richmond, Floyd Tillis, Jr., Ali Todan, Anthony Wright, Brandon Harrison, Shawntae Haywood, Norma Jean Bivens, Tarmar Bivens and Larry A. Born, on behalf of themselves and all other persons similarly situated, known and unknown (collectively "Plaintiffs"), for their Complaint against Wal-Mart Stores, Inc. (hereafter "Wal-Mart"), Labor Ready - Midwest, Inc. (hereafter "Labor Ready") and QPS Employment Group, Inc. (hereafter "QPS")(collectively "Defendants"), state as follows:

## I.     INTRODUCTION

Federal and state wage and hour laws are designed to ensure that workers are paid for all compensable hours. Illinois has also enacted a law specifically designed to protect the rights of

1

temporary laborers which the legislature deemed to be particularly vulnerable to abuse of their labor rights, including unpaid wages, failure to pay for all hours worked, minimum wage and overtime violations, and unlawful deduction from pay for meals, transportation, equipment and other items. *See* the Illinois Day and Temporary Labor Service ("IDTLSA"), 820 ILCS 175/2.

Wal-Mart contracts with staffing agencies for the services of hundreds of temporary laborers in its stores in and around Chicago. Two of the staffing agencies, Labor Ready and QPS, have failed to provide laborers assigned to work at Wal-Mart stores and other third party client companies with information related to their employment, such as Employment Notices and proper Wage Payment Notices as required by the IDTLSA. Wal-Mart and its staffing agencies have also engaged in a practice of requiring laborers to appear early for work, stay late to complete work, work through lunches or breaks and/or participate in trainings without compensation, resulting in minimum wage and overtime violations. Wal-Mart has also failed to keep accurate records of its laborers work time as required by federal and state law and has failed to provide its laborers with Work Verification forms verifying the total number of hours worked in an individual day as required by the IDTLSA. Wal-Mart and its staffing agencies have also failed to pay Plaintiffs and other similarly situated temporary laborers a minimum of four hours pay on days a laborer was contracted to work but was not utilized for a minimum of four hours pursuant to the IDTLSA. As a result of this practice, laborers have lost the opportunity to seek work at a different staffing agency.

Plaintiffs bring their claims as class and collective actions. Plaintiffs also seek an injunction against Defendants from future violations of wage laws and to end the practice of not providing accurate information *in writing* to laborers about the terms and conditions of their job at the time of assignment and at the time payment of wages as required by Illinois law.

## II.     NATURE OF THE CASE

1.      This lawsuit arises under the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.* ("IDTLSA") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for: 1) Defendants' failure to pay Plaintiffs and other similarly situated laborers all earned wages at the rate agreed to by the parties in violation of the IWPCA and the IDTLSA; 2) Defendants' failure to pay federal and Illinois-mandated minimum wages for all time worked in individual work weeks in violation of the FLSA, IMWL and IDTLSA; 3) Defendants' failure to pay Plaintiffs and other similarly situated laborers a minimum of four hours pay on days the laborer was contracted to work but was not utilized for a minimum of four hours in violation of the IDTLSA; 3) Labor Ready and QPS's failure to provide Plaintiffs and other similarly situated laborers with Employment Notices as required by the IDTLSA; 4) Labor Ready and QPS's failure to provide Plaintiffs and other similarly situated employees with proper Wage Payment and Notices as required by the IDTLSA; 5) Wal-Mart's failure to provide Labor Ready Plaintiffs and other similarly situated laborers with Work Verification forms when assigned to work a single day as required by the IDTLSA; and 6) Wal-Mart's failure to maintain and remit to its staffing agencies an accurate record of "hours worked" by Plaintiffs and similarly situated temporary laborers as required by the IDTLSA. Plaintiffs bring their claims for overtime and federal minimum wage violations as a collective action pursuant to Section 216(b) of the FLSA. The consents to represent of Anthony Brown and Twanda Burks are attached hereto as Group Exhibit A. Plaintiffs bring their claims for owed wages, including overtime and Illinois minimum wages, for four hour minimum pay and for notice violations pursuant to Illinois law as class actions.

### III.    JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367. Plaintiffs bring their class claims pursuant to Fed. R. Civ. P. Rule 23.

3.    Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Paramount maintained offices and transacted business within this jurisdiction.

### IV.    PARTIES

**A.    <u>Plaintiffs</u>**

4.    Each Plaintiff (except Larry Born)("Labor Ready Plaintiffs"), during the course of their employment with Labor Ready, has:

    a.    resided in and is domiciled in Cook County, Illinois;

    b.    handled goods that have moved in interstate commerce;

    c.    been an "employee" of Defendant Labor Ready in Illinois as that term is defined by the IWPCA;

    d.    been employed by Defendant Labor Ready as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS 175/5; and

    e.    worked as a "laborer" on behalf of Labor Ready at a third party client company, including Wal-Mart stores in the Chicagoland area in Illinois.

5.    During the course of his employment, Plaintiff Larry A. Born ("QPS Plaintiff"):

    a.    resided in and is domiciled in Cook County, Illinois;

    b.    handled goods that have moved in interstate commerce;

    c.    been an "employee" of Defendant QPS in Illinois as that term is defined by the IWPCA;

      d.     been employed by Defendant QPS as a "day or temporary laborer" (hereafter "laborer") as that term is defined by the IDTLSA, 820 ILCS 175/5; and

      e.     worked as a "laborer" on behalf of QPS at a third party client company, including Wal-Mart stores in the Chicagoland area in Illinois.

**B.**     **Defendants**

    6.     At all relevant times, Defendant Wal-Mart has:

      a.     been a corporation organized under the laws of the State of Delaware and has been located in and conducted business within this judicial district;

      b.     contracted temporary laborers through staffing agencies for a fee, including Labor Ready and QPS, pursuant to contracts between itself and the staffing agencies;

      c.     been a "third party client company" as defined by the IDTLSA, 820 ILCS 175/5;

      d.     been an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

      e.     had two or more employees who have handled goods which have moved in interstate commerce;

      f.     jointly been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*.

    7.     At all relevant times, Defendant Labor Ready has:

    a.      been a corporation organized under the laws of the State of Washington and has been located in and conducted business within this judicial district;

    b.      been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients, including Wal-Mart stores, pursuant to contracts between itself and third party clients;

    c.      been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5; and

    d.      been an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

    e.      had two or more employees who have handled goods which have moved in interstate commerce;

    f.      been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*

8.      At all relevant times, Defendant QPS has:

    a.      been a corporation organized under the laws of the State of Wisconsin and has been located in and conducted business within this judicial district;

    b.      been engaged in the business of employing day or temporary laborers to provide services, for a fee, to third party clients, including Wal-Mart stores, pursuant to contracts between itself and third party clients;

    c.      been a "day and temporary labor service agency" (hereafter "Staffing Agency") as defined by the IDTLSA, 820 ILCS 175/5; and

d.   been an "enterprise" as defined by in Section 3(r)(1) of the FSLA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) and Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes; and

e.   had two or more employees who have handled goods which have moved in interstate commerce;

f.   been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) and the IWPCA, 820 ILCS §115/1 *et seq.*

## V.   FACTUAL BACKGROUND

9.   From October 22, 2009 through the present, Wal-Mart has contracted with various staffing agencies, including Labor Ready and QPS, to provide temporary laborers to staff its stores in the Chicagoland area in Illinois.

10.   On information and belief, Wal-Mart currently contracts with Labor Ready to provide several hundred temporary laborers to work at its stores in the Chicagoland area in Illinois.

11.   In or about June of 2010, QPS assigned QPS Plaintiff to work at a Wal-Mart store located at 4700 W. 135th Street in Crestwood, Illinois pursuant to a contract with Wal-Mart.

12.   On information and belief, QPS assigned approximately 20 - 30 temporary laborers to work at the same store as QPS Plaintiff on a typical day.

13.   QPS promised to pay QPS Plaintiff and other similarly situated laborers on the night shift a one dollar per hour premium for all hours worked but failed to pay the night shift laborers the agreed upon premium rate.

14.   On days that the Labor Ready and QPS Plaintiffs and other laborers were contracted to work at the Wal-Mart store, Wal-Mart failed to provide such laborers with a receipt

showing the number of hours worked signed by a Wal-Mart supervisor, a Work Verification form, as required by the IDTLSA.

15.     In the three years prior to Plaintiffs' filing this lawsuit, Wal-Mart has failed to maintain and remit to staffing agencies with which it contracts, including Labor Ready and QPS, an accurate record of "hours worked" of Plaintiffs and other similarly situated temporary laborers at its stores as required by Sections 12(a)(2) and 12(b) of the IDTLSA.

16.     On many occasions, the Labor Ready Plaintiffs and other similarly situated laborers were contracted by Labor Ready to work at a Wal-Mart store or other third party client companies but then were cancelled at the last minute thereby denying them the opportunity to seek work elsewhere for that day.

17.     Pursuant to Illinois law, on occasions the Labor Ready Plaintiffs and other similarly situated laborers were required to be paid a minimum of four hours on such days, but they were not compensated anything on such occasions.

18.     On multiple occasions, supervisors from Wal-Mart stores required Plaintiffs and other similarly situated laborers to work through lunch or breaks or to stay late to finish work without compensation.

19.     Each time assigned to work at a Wal-Mart store by Labor Ready, the Labor Ready Plaintiffs and other similarly situated laborers were required to attend a safety training, time for which they were not compensated.

20.     When assigned to work at a Wal-Mart store by Labor Ready, the Labor Ready Plaintiffs and other laborers were required by Wal-Mart were directed to appear at least 10 – 15 minutes early for their scheduled shift, but were not compensated for that time.

21.     As a result of the practices described in paragraphs 18 - 20, temporary laborers sent to work at Wal-Mart stores and who were paid at or near the Illinois minimum wage rate, had their hourly rate fall below the then-applicable federal and state-mandated minimum wage rates.

22.     As a result of the practices described in paragraphs 18 - 20, in weeks temporary laborers had already worked 40 or more hours, they were entitled to be compensated for unpaid time at an overtime rate.

23.     In the three years prior to Plaintiffs' filing this lawsuit, Defendants Labor Ready and QPS failed to provide Plaintiffs and similarly situated laborers with an "Employment Notice" at the time of dispatch to third party clients or any time the terms of employment changed in the form of a statement containing the following items on a form approved by the Illinois Department of Labor:

    a.      the name of the day or temporary laborer;

    b.      the name and nature of the work to be performed;

    c.      the wages offered;

    d.      the name and address of the destination of each day and temporary laborer;

    e.      terms of transportation; and

    f.      whether a meal or equipment, or both, are provided, either by the day and temporary labor service agency or the third party client, and the cost of the meal and equipment, if any.

24.     In the three years prior to Plaintiffs' filing this lawsuit, Defendants Labor Ready and QPS failed to provide Plaintiffs and similarly situated laborers with a proper Wage Payment Notice at the time of payment of wages in the form of an itemized statement, on the laborers' pay stub or on a form approved by the Illinois Department of Labor, containing the name, address, and telephone number of each third party client at which the laborer worked.

25.     Defendant Labor Ready and QPS's failure to provide Plaintiffs and similarly situated laborers with the required Employment Notice (820 ILCS 175/10) and Wage Payment and Notice (820 ILCS 175/30) has denied Plaintiffs and similarly situated laborers with certain

information related to their employment which the Illinois legislature has determined is critical to protect the rights of day or temporary laborers.

## VI.     CLASS ACTION ALLEGATIONS

26.     Plaintiffs will seek to certify the state law claims for work not compensated at the rate agreed to by the parties arising under the IWPCA and IDTLSA (Counts III and IV); for unpaid minimum wages and overtime wages arising under the IMWL and IDTLSA (Counts V and VI); for 4 hour minimum pay arising under the IDTLSA (Count VII) and for notice violations (Counts VIII – XII). Plaintiffs will ask the Court to determine the rights of the parties pursuant to those statutes and to direct the Defendants to account for all hours worked and wages paid to the class members during the temporality of the class.

27.     Counts I and II are brought pursuant to Section 216(b) of the FLSA. Counts III through IX are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

> a.     the class is so numerous that joinder of all members is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiffs are informed and believe that Labor Ready and QPS each employed hundreds of individuals each week as day or temporary laborers in Illinois during the IMWL, IWPCA and IDTLSA Class Periods;

> b.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations which may exist between members of the class, if any.  These common questions of law and fact include, without limitation:

>> i.   Whether Defendants Labor Ready and Wal-Mart failed to pay Plaintiffs and the Class for all time worked at the rate agreed to by the parties during the IWPCA class period;

10

ii. Whether, as a result of Defendants Labor Ready and Wal-Mart failed to pay Plaintiffs and the Class for all time worked at the rate agreed to by the parties during the IMWL class period, Plaintiffs' and putative class members' wages fell below the Illinois minimum wage rate;

iii. Whether, as a result of Defendants Labor Ready and Wal-Mart failed to pay Plaintiffs and the Class for all time worked at the rate agreed to by the parties during the IMWL class period, Plaintiffs and putative class members were denied earned overtime wages;

iv. Whether Defendants QPS and Wal-Mart failed to pay Plaintiffs and the Class for all time worked at the rate agreed to by the parties during the IWPCA class period;

v. Whether, as a result of Defendants QPS and Wal-Mart failed to pay Plaintiffs and the Class for all time worked at the rate agreed to by the parties during the IMWL class period, Plaintiffs' and putative class members' wages fell below the Illinois minimum wage rate;

vi. Whether, as a result of Defendants QPS and Wal-Mart failed to pay Plaintiffs and the Class for all time worked at the rate agreed to by the parties during the IMWL class period, Plaintiffs and putative class members were denied earned overtime wages;

vii. Whether Defendants Labor Ready and Wal-Mart failed to compensate Plaintiffs and the Class a minimum of four (4) hours pay at the agreed upon rate on days when the day or temporary laborer was contracted to work but was not utilized for at least four (4) hours by a third party client company as required by 820 ILCS 175/30(g);

viii. Whether Defendants Labor Ready and QPS failed to provide Plaintiffs and the Class with proper Employment Notices as required by 820 ILCS 175/10;

ix. Whether Defendants Labor Ready and QPS failed to provide Plaintiffs and the Class with proper Wage Payment Notices as required by 820 ILCS 175/30;

x. Whether Defendant Wal-Mart failed to provide Plaintiffs and the Class with proper Work Verification form when Plaintiff and the Class worked a single day at Wal-Mart as required by 820 ILCS 175/30.

xi. Whether Defendant Wal-Mart failed to maintain and remit an accurate record of "hours worked" to the staffing agencies it contracts with, including Labor Ready and QPS, as required by 820 ILCS 175/12(a)(2) and 12(b).

c.     Given the nature of the staffing industry, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation.

d.     The class representatives, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

28.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the FLSA – Minimum Wages**
**Collective Action**
***Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers***
***as against Labor Ready and Wal-Mart***

Plaintiffs incorporate and reallege paragraphs 1 through 28 as though set forth herein.

29.     This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs and other similarly situated employees for all time worked which resulted in being paid less than the federally required minimum wage as described more fully in paragraphs 18 - 20, *supra*.

30.     In addition, Defendant Labor Ready directed Plaintiffs to appear at its third party client companies prior to the start time of their shift, and Plaintiffs did in fact appear before their shift and as a result, in certain individual work weeks in the three years prior to Plaintiffs filing this lawsuit their hourly wage fell below the federally mandated-minimum wage rate.

31.     Plaintiffs were not exempt from the minimum wage provisions of the FLSA.

32.     Plaintiffs were entitled to be paid at least the federally mandated minimum wages for all compensable time worked in individual work weeks.

33.     Defendants did not pay Plaintiffs minimum wages for all time worked in individual work weeks.

34.     Other similarly situated non-exempt employees were likewise not paid federally mandated minimum wages for all time worked as a result of Defendants' failure to pay for pre-shift wait time.

35.     Defendants' failure to pay Plaintiffs and other similarly situated employees minimum wages for all time worked in individual work weeks was a violation of the FLSA.

36.     Plaintiffs and other similarly situated employees are entitled to recover unpaid minimum wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants Labor Ready and Wal-Mart as follows:

A.     A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual work weeks.

B.     Liquidated damages in the amount equal to the unpaid overtime wages;

C.     Reasonable attorneys' fees and costs of this action as provided by the FLSA;

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the FLSA – Overtime Wages**
**Collective Action**
***Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers***
***as against Labor Ready and Wal-Mart***

Plaintiffs incorporate and reallege paragraphs 1 through 36 as though set forth herein.

37. This Count arises from Defendants' violation of the FLSA for Defendants' failure to pay Plaintiffs and other similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 18 - 20, *supra*.

38. In addition, Defendant Labor Ready directed Plaintiffs to appear at its third party client companies prior to the start time of their shift, and Plaintiffs did in fact appear before their shift and, in certain work weeks, were entitled to compensation for compensable time in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiffs filing this lawsuit.

39. Plaintiffs were not exempt from the overtime provisions of the FLSA.

40. Plaintiffs were entitled to be paid overtime wages for all compensable time worked in excess of forty (40) hours in individual work weeks.

41. Defendants did not pay Plaintiffs overtime wages for all compensable time worked in excess of forty (40) hours in individual work weeks.

42. Other similarly situated non-exempt employees of Defendants were likewise not paid overtime wages for time worked in excess of forty (40) hours in individual work weeks as a result of Defendants' failure to pay pre-shift waiting time.

43. Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours worked in individual work weeks was a violation of the FLSA.

44. Plaintiffs and the Class are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants Labor Ready and Wal-Mart as follows:

A.    A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs in excess of forty (40) hours in individual work weeks.

B.    Liquidated damages in the amount equal to the unpaid overtime wages;

C.    Reasonable attorneys' fees and costs of this action as provided by the FLSA;

D.    Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**(Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages)**
*Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers as against Labor Ready and Wal-Mart*

Plaintiffs incorporate and reallege paragraphs 1 through 44 as though set forth herein.

45.    This Count arises from the violation of the IWPCA for Defendant Labor Ready's failure to pay Plaintiffs and the Class they represent wages for all time worked at the rate agreed to by the parties.

46.    During the course of their employment with Defendant Labor Ready, Labor Ready Plaintiffs had agreements within the meaning of the IWPCA to be compensated for all hours worked at the rates agreed to by the parties.  Defendants did not pay her for all hours worked at the rates agreed to by the parties.

47.    Other similarly situated laborers from Labor Ready were likewise not compensated by Defendant for all time worked at the rate agreed to by the parties in certain work weeks.

48.    Plaintiffs and the Class they represent members were entitled to be paid for all time worked at the rate agreed to by the parties.

49.    Defendant's failure to pay Plaintiffs and the Class they represent for all time worked at the rate agreed to by the parties violated the IWPCA.

50.     Plaintiffs and the Class are entitled to recover owed wages for a period of ten (10) years prior to the filing of this lawsuit.

51.     As a "third party" client company", Wal-Mart shares all legal responsibility and liability for paying wages owed pursuant to the IWPCA pursuant to 820 ILCS 175/85.

52.     The Class that Plaintiffs seek to represent in regard to the claim for unpaid wages arising under the IWPCA is composed of and defined as all persons who have been employed by Defendant Labor Ready since October 22, 2002, up through and including the present and who have not been paid wages for all time worked at the rate agreed to by the parties.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Labor Ready and Wal-Mart as follows:

A.     That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.     A judgment in the amount of all back wages due Plaintiffs and the Class as provided by the IWPCA;

C.     For the period of October 22, 2009 through the present, liquidated damages in an amount equal to the unpaid wages as provided for in the IDTLSA, 820 ILCS 175/95;

D.     That the Court find Defendant Wal-Mart shares liability for Labor Ready's violation of the IWPCA for laborers assigned to work at a Wal-Mart store for the period of October 22, 2009 through the present;

E.     That the Court declare that Defendants Labor Ready and Wal-Mart have violated the IWPCA;

F.     That the Court enjoin Defendant Labor Ready and Wal-Mart from violating the IWPCA;

G.     Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

H.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**(Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages)**
*QPS Plaintiff on behalf of himself and other similarly situated laborers as against*
*QPS and Wal-Mart*

Plaintiffs incorporate and reallege paragraphs 1 through 52 as though set forth herein.

53.     This Count arises from the violation of the IWPCA for Defendant QPS's failure to pay Plaintiffs and the Class they represent wages for all time worked at the rate agreed to by the parties.

54.     During the course of their employment with Defendant QPS, Plaintiff Born had agreements within the meaning of the IWPCA to be compensated for all hours worked at the rates agreed to by the parties.

55.     Defendants did not pay Plaintiff Born for all hours worked at the rates agreed to by the parties.

56.     Other similarly situated laborers from QPS were likewise not compensated by Defendant for all time worked at the rate agreed to by the parties in certain work weeks.

57.     Plaintiffs and the Class they represent members were entitled to be paid for all time worked at the rate agreed to by the parties.

58.     Defendant's failure to pay Plaintiffs and the Class they represent for all time worked at the rate agreed to by the parties violated the IWPCA.

59.     Plaintiffs and the Class are entitled to recover owed wages for a period of ten (10) years prior to the filing of this lawsuit.

60.     As a "third party client company", Wal-Mart shares all legal responsibility and liability for paying wages owed pursuant to the IWPCA pursuant to 820 ILCS 175/85.

61.     The Class that Plaintiffs seek to represent in regard to the claim for unpaid wages arising under the IWPCA is composed of and defined as all persons who have been employed by Defendant QPS since October 22, 2002, up through and including the present and who have not been paid wages for all time worked at the rate agreed to by the parties.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Labor Ready and Wal-Mart as follows:

A.      That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.      A judgment in the amount of all back wages due Plaintiffs and the Class as provided by the IWPCA;

C.      For the period of October 22, 2009 through the present, liquidated damages in an amount equal to the unpaid wages as provided for in the IDTLSA, 820 ILCS 175/95;

D.      That the Court find Defendant Wal-Mart shares liability for Labor Ready's violation of the IWPCA for laborers assigned to work at a Wal-Mart store for the period of October 22, 2009 through the present;;

E.      That the Court declare that Defendants Labor Ready and Wal-Mart have violated the IWPCA;

F.      That the Court enjoin Defendant Labor Ready and Wal-Mart from violating the IWPCA;

G.      Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

H.      Such other and further relief as this Court deems appropriate and just.

### COUNT V
### (Violation of the Illinois Minimum Wage Law – Minimum Wages)
### Class Action
***Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers
as against Labor Ready and Wal-Mart***

Plaintiffs incorporate and reallege paragraphs 1 through 61 as though set forth herein.

62.      This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs and the Class they represent the Illinois-mandated minimum wages for all hours worked in individual work weeks as described more fully in paragraphs 18-20, *supra*.

63.      In addition, in the three years prior to Plaintiffs filing this lawsuit, Defendant Labor Ready directed Plaintiffs to appear at its third party client companies prior to the start time of their shift, and Plaintiffs did in fact appear before their shift and as a result, in certain

individual work weeks in the three years prior to Plaintiffs filing this lawsuit their hourly wage fell below the Illinois mandated-minimum wage rate.

64.     Other similarly situated employees of Defendant Labor Ready were directed by Defendants to appear at Defendants' third party client companies prior to the start of their shift and were entitled to compensation for all such time.

65.     As a result of Defendants' failure to compensate Plaintiffs and other similarly situated employees for pre-shift waiting time, in certain work weeks their wages fell below the state-mandated minimum wage.

66.     Plaintiffs and other similarly situated employees were not exempt from the minimum wage provisions of the IMWL.

67.     Plaintiffs and other similarly situated employees were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks.

68.     Defendants did not pay Plaintiffs and other similarly situated employees the Illinois-mandated minimum wage for all hours worked in individual work weeks.

69.     Defendants' failure to pay Plaintiffs and other similarly situated employees the Illinois-mandated minimum wage rate for all hours worked in individual work weeks was a violation of the IMWL.

70.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

71.     The Class that Plaintiffs seek to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all day and temporary laborers who have been employed by Defendants Since October 22, 2009 and who were directed to appear for work prior to the start of their shift and were not compensated for such pre-shift waiting time and as a

result were not compensated the Illinois minimum wage rate for all compensable time worked in individual work weeks since October 22, 2009 and up through and including the present.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.    A judgment in the amount of all back wages due to Plaintiffs and the Class as provided by the IMWL;

C.    Liquidated damages in an amount equal to the unpaid Illinois mandated minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.    Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

E.    Such other and further relief as this Court deems appropriate and just.

**COUNT VI**
**(Violation of the Illinois Minimum Wage Law – Overtime Wages)**
**Class Action**
***Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers***
***as against Labor Ready and Wal-Mart***

Plaintiffs incorporate and reallege paragraphs 1 through 71 as though set forth herein.

72.    This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs and the Class they represent overtime wages for all time worked in excess of forty (40) hours in individual work weeks as described more fully in paragraphs 18-20, *supra*.

73.    In addition, Defendant Labor Ready directed Plaintiffs to appear at its third party client companies prior to the start time of their shift, and Plaintiffs did in fact appear before their shift and, in certain work weeks, were entitled to compensation for compensable time in excess of forty (40) hours in individual work weeks in the three years prior to Plaintiffs filing this lawsuit.

74.     Plaintiffs were not exempt from the overtime provisions of the IMWL.

75.     Plaintiffs were entitled to be paid overtime wages for all compensable time worked in excess of forty (40) hours in individual work weeks.

76.     Defendants did not pay Plaintiffs overtime wages for all compensable time worked in excess of forty (40) hours in individual work weeks.

77.     Defendants likewise directed other similarly situated, non-exempt laborers to appear at its third party client companies prior to the start time of their shift who, in certain work weeks, were likewise entitled to overtime wages for compensable time in excess of forty (40) hours in individual work weeks.

78.     Defendants' failure to pay Plaintiffs and other similarly situated employees overtime wages for all hours worked in individual work weeks was a violation of the IMWL.

79.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

80.     The Class that Plaintiffs seek to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all day and temporary laborers who have been employed by Defendants Since October 22, 2009 and who were directed to appear for work prior to the start of their shift and were not compensated for such pre-shift waiting time and, as a result, were not paid overtime wages for all compensable time worked in excess of forty (40) hours in individual work weeks since October 22, 2009 and up through and including the present.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendants as follows:

A.      That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.      A judgment in the amount of all back wages due to Plaintiffs and the Class as provided by the IMWL;

C.      Liquidated damages in an amount equal to the unpaid Illinois mandated minimum wages as provided for in the IDTLSA, 820 ILCS 175/95 or, in the alternative, statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.      Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95;

E.      Such other and further relief as this Court deems appropriate and just.

**COUNT VII**
**(Violation of Illinois Day and Temporary Labor Services Act-Four Hour Minimum Pay)**
***Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers***
***as against Labor Ready and Wal-Mart***

Plaintiffs incorporate and reallege paragraphs 1 through 80 as though set forth herein.

81.      This Count arises from the violation of the IDTLSA for Defendant's failure to compensate Plaintiffs and the Class of day or laborers for a minimum of four (4) hours at the agreed upon rate when a laborer was contracted to work at a third party client company but was not utilized by the third party client company for at least four (4) hours pursuant to 820 ILCS 175/30(g).

82.      Defendant Labor Ready contracted and assigned Plaintiffs and other similarly situated employees to work at various third party clients, including Wal-Mart stores, for a period of less than four (4) hours in single work days but did not pay them a minimum of four (4) hours pay.

83.      Plaintiffs and other similarly situated laborers were entitled to be compensated for a minimum of four (4) hours pay on days in which they were contracted to work at a third party client's worksite but were not utilized for at least four (4) hours.

84.      Defendant's failure to compensate Plaintiffs and the Class a minimum of four (4) hours pay for any day they were contracted to work violated the IDTLSA. 820 ILCS 175.30(g).

85.     As a "third party" client company", Wal-Mart shares all legal responsibility and liability for paying wages owed pursuant to the IWPCA pursuant to 820 ILCS 175/85.

86.     Plaintiffs and the Class are entitled to recover four (4) hour minimum pay for any days they were not compensated a minimum of four (4) hours in the three (3) years prior to the filing of this lawsuit.

87.     The Class that Plaintiffs seek to represent in regard to the claim for the unpaid minimum four (4) hour show up pay arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant Labor Ready since October 22, 2009, up through and including the present and who have not been paid a minimum of four (4) hours pay on days in which they were contracted to work at a third party client's worksite but were not utilized for at least four (4) hours.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant Labor Ready and Wal-Mart as follows:

A.      That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.      A judgment for Plaintiffs and the Class in the amount of the underpayment of the four (4) hour minimum payment requirement of section 30(g) of the IDTLSA;

C.      Liquidated damages in an amount equal to the amount of the underpayment of the four (4) hour minimum payment requirement of section 30(g) of the IDTLSA;

D.      That the Court declare that Defendant have violated section 30(g) of the IDTLSA;

E.      That the Court enjoin Defendant from violating the IDTLSA;

F.      Reasonable attorneys' fees and costs of this action as provided by the IWPCA, 820 ILCS 105/1 *et seq.* and the IDTLSA, 820 ILCS 175/95; and

G.      Such other and further relief as this Court deems appropriate and just..

## COUNT VIII
### (Violation of the Illinois Day and Temporary Labor Services Act - Employment Notices)
### *Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers*
### *as against Labor Ready*

Plaintiffs incorporate and reallege paragraphs 1 through 87 as though set forth herein.

23

88.     This Count arises from the violation of the IDTLSA for Defendant Labor Ready's failure to provide Plaintiffs and similarly situated laborers with a proper Employment Notice as required by the IDTLSA.

89.     Defendant Labor Ready employed Labor Ready Plaintiffs and similarly situated laborers and assigned them to work at certain third party client companies, including Wal-Mart.

90.     Defendant Labor Ready failed to provide Labor Ready Plaintiffs and similarly situated laborers with a proper Employment Notice at the time of dispatch and at the time any terms changed.

91.     Defendant Labor Ready was obligated to provide Labor Ready Plaintiffs and the Class with an Employment Notice at the time of each laborer was initially dispatched to work and any time the terms listed on the Employment Notice changed. 820 ILCS 175/10.

92.     Defendant Labor Ready failed to provide Labor Ready Plaintiffs and the Class with Employment Notices at the time of dispatch to third party clients or at the time any terms listed on an Employment Notice changed as required by the IDTLSA.

93.     Defendant Labor Ready violated the IDTLSA by failing to provide to Labor Ready Plaintiffs and Class Members Employment Notice as required by the IDTLSA.

94.     The Class that Labor Ready Plaintiffs seeks to represent in regard to the Employment Notice claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant Labor Ready since October 22, 2009, up through and including the present and who did not receive an Employment Notice at the time of dispatched and at any time the material terms on the Employment Notice changed pursuant to 820 ILCS 175/10.

WHEREFORE, Labor Ready Plaintiffs and the class pray for a judgment against

Defendant Labor Ready as follows:

A.   That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.   That the Court award Labor Ready Plaintiffs and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 10 of the IDTLSA;

C.   That the Court declare that Defendant Labor Ready has violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

D.   That the Court enjoin Defendant Labor Ready from violating the IDTLSA;

E.   Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.   Such other and further relief as this Court deems appropriate and just.

## COUNT IX
**(Violation of the Illinois Day and Temporary Labor Services Act - Employment Notices)**
*QPS Plaintiff on behalf of himself and other similarly situated laborers*
*as against QPS*

Plaintiffs incorporate and reallege paragraphs 1 through 94 as though set forth herein.

95.   This Count arises from the violation of the IDTLSA for Defendant QPS's failure to provide QPS Plaintiff and similarly situated laborers with a proper Employment Notices as required by the IDTLSA.

96. Defendant QPS employed QPS Plaintiff and similarly situated laborers and assigned them to work at certain third party client companies, including Wal-Mart.

97. Defendant QPS failed to provide QPS Plaintiff and similarly situated laborers with a proper Employment Notice at the time of dispatch and at the time any terms changed.

98. Defendant QPS was obligated to provide QPS Plaintiff and the Class with an Employment Notice at the time of each laborer was initially dispatched to work and any time the material terms listed on the Employment Notice changed. 820 ILCS 175/10.

99. Defendant QPS failed to provide QPS Plaintiff and the Class with Employment Notices at the time of dispatch to third party clients or at the time any terms listed on an Employment Notice changed as required by the IDTLSA.

100. Defendant QPS violated the IDTLSA by failing to provide to QPS Plaintiff and Class Members Employment Notice as required by the IDTLSA.

101. The Class that QPS Plaintiff seeks to represent in regard to the Employment Notice claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant QPS since October 22, 2009, up through and including the present and who did not receive an Employment Notice at the time of dispatched and at any time the material terms on the Employment Notice changed pursuant to 820 ILCS 175/10.

WHEREFORE, QPS Plaintiff and the class pray for a judgment against Defendant QPS as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B. That the Court award QPS Plaintiff and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 10 of the IDTLSA;

C. That the Court declare that Defendant QPS has violated the Employment Notice provision of the IDTLSA. 820 ILCS 175/10;

D.     That the Court enjoin Defendant QPS from violating the IDTLSA;

E.     Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.     Such other and further relief as this Court deems appropriate and just.

## COUNT X
**(Violation of the Illinois Day and Temporary Labor Services Act–Wage Payment Notice)**
***Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers***
***as against Labor Ready***

Plaintiffs incorporate and reallege paragraphs 1 through 101 as though set forth herein.

102.   This Count arises from the violation of the IDTLSA for Defendant Labor Ready's failure to provide Labor Ready Plaintiffs and similarly situated laborers with a proper Wage Payment Notice as required by the IDTLSA.

103.   Defendant Labor Ready employed Labor Ready Plaintiffs and similarly situated laborers and assigned them to work at certain third party client companies, including Wal-Mart.

104.   Defendant Labor Ready was obligated to provide Labor Ready Plaintiffs and the Class with a Wage Payment Notice showing, among other things, the name and address of the third party client company where the laborer was assigned to work.

105.   Defendant Labor Ready failed to provide Labor Ready Plaintiffs and the Class the required information on the Wage Payment Notice in violation of Section 30 of the IDTLSA.

106.   Defendant Labor Ready's failure to provide Labor Ready Plaintiffs and the Class with Wage Payment Notices violated the IDTLSA.

107.   The Class that Labor Ready Plaintiffs seeks to represent in regard to the Wage Payment and Notice claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant Labor Ready since October 22, 2009, up through and including the present and who did not receive a proper Wage Payment and Notice with the accurate information required by 820 ILCS 175/30.

WHEREFORE, Labor Ready Plaintiffs and the class pray for a judgment against Defendant Labor Ready as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B. That the Court award Labor Ready Plaintiffs and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 30 of the IDTLSA;

C. That the Court declare that Defendant Labor Ready have violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30;

D. That the Court enjoin Defendant Labor Ready from violating the IDTLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT XI
### (Violation of the Illinois Day and Temporary Labor Services Act–Wage Payment Notice)
### *QPS Plaintiff on behalf of himself and other similarly situated laborers*
### *as against QPS*

Plaintiffs incorporate and reallege paragraphs 1 through 107 as though set forth herein.

108. This Count arises from the violation of the IDTLSA for Defendant QPS's failure to provide QPS Plaintiff and similarly situated laborers with a proper Wage Payment Notice as required by the IDTLSA.

109. Defendant QPS employed QPS Plaintiff and similarly situated laborers and assigned them to work at certain third party client companies, including Wal-Mart.

110. Defendant QPS was obligated to provide QPS Plaintiff and the Class with a Wage Payment Notice showing, among other things, the name and address of the third party client company where the laborer was assigned to work.

111. Defendant QPS failed to provide QPS Plaintiff and the Class the required information on the Wage Payment Notice in violation of Section 30 of the IDTLSA.

112. Defendant QPS's failure to provide QPS Plaintiff and the Class with Wage Payment Notices violated the IDTLSA.

113. The Class that QPS Plaintiff seeks to represent in regard to the Wage Payment and Notice claim arising under the IDTLSA is composed of and defined as all persons who have

been employed by Defendant QPS since October 22, 2009, up through and including the present and who did not receive a proper Wage Payment and Notice with the accurate information required by 820 ILCS 175/30.

WHEREFORE, QPS Plaintiff and the class pray for a judgment against Defendant QPS as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B. That the Court award QPS Plaintiff and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 30 of the IDTLSA;

C. That the Court declare that Defendant QPS have violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30;

D. That the Court enjoin Defendant QPS from violating the IDTLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT XII
**(Violation of the Illinois Day and Temporary Labor Services Act–Work Verifications)**
***Labor Ready Plaintiffs on behalf of themselves and other similarly situated laborers
as against Wal-Mart***

Plaintiffs incorporate and reallege paragraphs 1 through 113 as though set forth herein.

114. This Count arises from the violation of the IDTLSA for Defendant Wal-Mart's failure to provide Labor Ready Plaintiffs and similarly situated laborers with a Work Verification Form signed by a Wal-Mart supervisor when Labor Ready Plaintiffs and similarly situated laborers worked a single day as required by the IDTLSA.

115.    Defendant Wal-Mart contracted with staffing agencies such as Labor Ready and QPS for temporary laborers including Labor Ready Plaintiffs and other similarly situated laborers and utilized them for a single day at a time.

116.    Defendant Wal-Mart was obligated to provide Labor Ready Plaintiffs and the Class with a Work Verification form at the end of each such day containing the number of hours worked that day and signed by a Wal-Mart supervisor.

117.    Defendant Wal-Mart failed to provide Labor Ready Plaintiffs and the Class the required Work Verification form in violation of Section 30(a-1) of the IDTLSA.

118.    Defendant Wal-Mart's failure to provide Labor Ready Plaintiffs and the Class with Work Verification form violated the IDTLSA.

119.    The Class that Labor Ready Plaintiffs seeks to represent in regard to the Work Verification Form claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant Labor Ready since October 22, 2009, up through and including the present and who did not receive a Work Verification Form when they worked a single day at Wal-Mart as required by 820 ILCS 175/30(a-1).

WHEREFORE, Labor Ready Plaintiffs and the Class pray for a judgment against Defendant Wal-Mart as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.    That the Court award Labor Ready Plaintiffs and the Class compensatory damages and statutory damages of up to $500 for each violation of Section 30(a-1) of the IDTLSA;

C.    That the Court declare that Defendant Wal-Mart have violated the Wage Payment and Notice provision of the IDTLSA. 820 ILCS 175/30(a-1);

D.    That the Court enjoin Defendant Wal-Mart from violating the IDTLSA;

E.    Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.    Such other and further relief as this Court deems appropriate and just.

**COUNT XIII**
**(Violation of the Illinois Day and Temporary Labor Services Act–Time Records)**
***Plaintiffs on behalf of themselves and other similarly situated laborers***
***as against Wal-Mart***

Plaintiffs incorporate and reallege paragraphs 1 through 119 as though set forth herein.

120.    This Count arises from the violation of the IDTLSA for Defendant Wal-Mart's failure to maintain and remit to different staffing agencies it utilized, including Labor Ready and QPS, accurate records of "hours worked" as required by Sections 12(a)(2) and 12(b) of the IDTLSA.

121.    Defendant Wal-Mart contracted with staffing agencies such as Labor Ready and QPS for temporary laborers including Plaintiffs and other similarly situated laborers.

122.    Pursuant to Sections 12(a)(2) and 12(b) of the IDTLSA, Defendant Wal-Mart was obligated to maintain and remit to the staffing agencies an accurate accounting of hours worked by Plaintiffs and other similarly situated temporary laborers assigned to work at Wal-Mart stores.

123.    Defendant Wal-Mart failed to maintain and remit such records for Plaintiffs and the Class in violation of 12(a)(2) and 12(b) of the IDTLSA.

124.    Defendant Wal-Mart's failure to maintain and remit such time records violated the IDTLSA.

125.    The Class that Plaintiffs seek to represent in regard to the time records claim arising under the IDTLSA is composed of and defined as all persons who have been employed by Defendant Wal-Mart since October 22, 2009, up through and including the present for whom Wal-Mart did not maintain and remit accurate time worked records as required by 820 ILCS 175/12(a)(2) and 12(b).

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendant Wal-Mart as follows:

A.    That the Court determine that this action may be maintained as a class action pursuant to 735 ILCS 5/2-801;

B.      That the Court award Plaintiffs and the Class compensatory damages and statutory damages of up to $500 for each violation of Sections 12(a)(2) and 12(b) of the IDTLSA;

C.      That the Court declare that Defendant Wal-Mart have violated the time records provision of the IDTLSA. 820 ILCS 175/12(a)(2) and 12(b);

D.      That the Court enjoin Defendant Wal-Mart from violating the IDTLSA;

E.      Reasonable attorneys' fees and costs of this action as provided by the IDTLSA, 820 ILCS 175/95; and

F.      Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: October 22, 2012

s/Christopher J. Williams
Christopher J. Williams (ARDC #6284262)
Workers' Law Office, PC
401 S. LaSalle Street, Suite 1400
Chicago, Illinois 60605
(312) 795-9121

Attorney for Plaintiffs