UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TWANDA D. BURKS et al., <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC. et al. <br><br> Defendants. | No. 12 C 8457 <br><br> Magistrate Judge Rowland |

## MEMORANDUM OPINION

The Court now considers Plaintiffs' Motion for Limited Discovery on the Issue of Arbitration Agreements. (Dkt. 60). For the reasons articulated below, the Court grants the motion in part and denies it in part.

### I. BACKGROUND

Plaintiffs are a group of temporary workers who were hired out to various employers, including Wal-Mart, by a staffing agency called Labor Ready. Plaintiffs bring this action against Labor Ready and Wal-Mart alleging violations of the Fair Labor Standards Act, the Illinois Wage Payment and Collection Act, the Illinois Minimum Wage Law, and the Illinois Day and Temporary Labor Services Act. Specifically, Plaintiffs allege that Labor Ready and Wal-Mart failed to pay minimum wage, failed to compensate them for all time and overtime worked, failed to pay them a minimum of four hours on days when they were contracted to work,

1

and failed to provide employment and wage payment notices. (Dkt. 1 ¶¶ 29-52, 62-94, 102-07).

Rather than answer Plaintiffs' complaint, Labor Ready, relying on an arbitration clause contained in the employment agreements it entered into with each Plaintiff, filed a motion to compel arbitration. (Dkt. 56). Wal-Mart then joined in that motion arguing that, although it was not a signatory to the arbitration agreements, the claims alleged against Wal-Mart and Labor Ready are so legally and factually intertwined that Plaintiffs should be compelled to arbitrate against Wal-Mart as well. (Dkt. 59). Wal-Mart also argues that it should be permitted to enforce Labor-Ready's arbitration agreements as a third-party beneficiary. (*Id.*)

Plaintiffs seek limited discovery in order to oppose Labor Ready's and Wal-Mart's motions to compel arbitration. (Dkt. 60). On May 28, 2013, Plaintiffs served each defendant with approximately 12 pages of interrogatories, requests to admit, and document requests. Labor Ready and Plaintiffs were able to agree concerning the propriety of certain requests. (Dkt. 74 at 5). The discovery requests still in dispute relate to the following topics:

1. General employment records for each Plaintiff (employment notices, work applications, wage records, time records, work verification forms);
2. Information concerning employment benefits provided to Plaintiffs by either Labor Ready or Wal-Mart; and
3. Information concerning Plaintiffs' applications and eligibility for unemployment benefits.

For reasons described in greater detail below, the Court grants Plaintiffs' requests in part and denies them in part.

2

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") directs courts to "rigorously enforce" arbitration agreements according to their terms. 9 U.S.C. § 2. The only way to avoid a motion to compel arbitration is to challenge the validity of the arbitration agreement itself. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). Although the FAA does not expressly identify the evidentiary standard a party seeking to avoid arbitration must meet, courts have analogized the standard to that required of a party opposing summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure: the party seeking to remain in federal court must demonstrate that there is a genuine issue of material fact as to the validity of the arbitration clause. *See Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 129-30 (2d Cir. 1997); *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 231 n. 36 (3d Cir. 1997); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992).

Limited discovery may be necessary before a court can rule on a properly contested motion to compel arbitration. *E.g., Pohlman v. NCR Corp.*, No. 12 CV 6731, 2013 WL 3776965, at *1 (N.D. Ill. July 17, 2013) (denying without prejudice motion to compel arbitration because "there was insufficient evidence at that time … to conclude that a valid enforceable agreement to arbitrate exists as a matter of law"). This makes sense because, even if the responding party has a good faith basis to claim that the arbitration agreement is unenforceable, he may need additional evidence to meet the burden described above (*i.e.*, create a genuine issue of material

3

fact). *E.g., Deputy v. Lehman Bros., Inc.,* 345 F.3d 494, 511 (7th Cir.2003) (holding that the defendant "must be given the opportunity to conduct limited discovery on the narrow issue concerning the validity of [the plaintiff's] signature" in arbitration agreement).

In this case, Plaintiffs challenge the enforceability of the arbitration agreement by arguing that it lacked consideration.[1] In determining whether the parties entered into a valid arbitration agreement, the court applies state law that governs the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Penn v. Ryan's Family Steak Houses, Inc.,* 269 F.3d 753, 758–59 (7th Cir. 2001). Under Illinois law, "an offer, an acceptance and consideration are the basic ingredients of a contract." *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 329 (1977).

### III. ANAYSIS

Plaintiffs seek the following discovery: (A) employment notices, wage records and bill and pay records for each Plaintiff; (B) information concerning non-wage employment benefits provided to Labor Ready temporary workers; and (C) information concerning unemployment claims filed by other Labor Ready employees.

Plaintiffs assert that they need the above information to establish that the arbitration clause at issue here lacked consideration. According to Plaintiffs, Labor Ready has argued that consideration for the arbitration clause was based on the

---

[1] Plaintiffs had argued that the arbitration agreements were unconscionable, but have abandoned that argument as it pertains to the current discovery dispute following the Defendants' response. (Dkt. 75 at 6).

"continuous employment" it provided to Plaintiffs; therefore, according to Plaintiffs, "discovery into the employment relationship between Labor Ready and laborers at the time of the alleged formation of the arbitration agreement, at the time a job assignment begins and at the time a job assignments ends is all relevant." (Dkt. 75 at 3).

Defendants respond that the discovery sought goes to the merits of Plaintiffs' claims, not to the issue of whether the matter should be arbitrated and is, therefore, outside the scope of this Court's jurisdiction pursuant to the Federal Arbitration Act. (Dkt. 74 at 3). Defendants also argue that several of the requests are overly burdensome. Defendants do not address the question of consideration, but deny that it has asserted an ongoing employment relationship with the Plaintiffs. (Dkt. 74 at 10).

**A. Employment Notices, Wage Records, and Bill and Pay Records**

Plaintiffs first seek three categories of general employment records from Labor Ready: (1) employment and wage payment notices, which indicate the work location, wage rate, number of hours worked and breaks taken by each plaintiff; (2) wage records, which presumably contain information regarding hours worked and wages paid; and (3) bill and payment notices containing information regarding Labor Ready's third party clients including the client contact, the type of work performed, and billing information.

Defendants argue that this information is irrelevant because it goes to the merits of the claims, as opposed to whether the arbitration clause is enforceable.

5

They argue that it is overly broad and overly burdensome because it seeks information related to clients other than Wal-Mart, and it requires locating and producing multiple notices for each individual laborer. Plaintiffs respond to the burdensomeness argument by reminding the Court that Labor Ready is required to maintain all of this information by law, and that it is requesting only a sampling of Labor Ready's employees' files.[2]

The Court agrees with Defendants that any information sought related to Labor Ready's clients *other than Wal-Mart* is not discoverable at this juncture. Therefore, Plaintiffs' Motion is denied as to bill and payment notices. The Court further believes it is appropriate to limit the discovery in this case, at this time, to the named Plaintiffs. The Court, however, finds that information contained in the employment notices and wage records of the individual Plaintiffs may provide information relevant to the question of consideration. Labor Ready may redact the employment notices for information regarding their third party clients. Furthermore, the wage records may be limited to the electronic payroll records that Labor Ready admits are not burdensome to produce. (Dkt. 74 at 6).

### B. Benefits Provided to Labor Ready Workers

Plaintiffs next seek information about all benefits provided to Labor Ready workers including unemployment insurance, 401K plans, pension plans, health insurance, and vacation pay, whether the benefits were provided by Labor Ready or

---

[2] According to Labor Ready, Plaintiffs agreed to limit this request to documents for each plaintiff "as opposed to all laborers employed by Defendant." (Dkt. 74 at 4). But Plaintiffs' response indicates that they are still seeking the information on other employees but are willing to "seek only a sampling of the records." (Dkt. 75 at 5).

a third party client.[3] Plaintiffs assert, without explanation, that this information is relevant to show "continuous employment." The Court agrees with Defendants that information regarding benefits provided to Labor Ready employees has no bearing on the issue of whether this dispute must be arbitrated.[4] Unlike records regarding wages and work assignments, the Court does not believe that records about benefits pertain to whether there was consideration for the arbitration clause.

### C. Unemployment Claims

Finally, Plaintiffs request that Labor Ready identify all contested unemployment claims filed by Labor Ready workers who were assigned to work for a third party client. Plaintiffs also seek all documents relating to Labor Ready or Wal-Mart's opposition to a select number of those unemployment claims. Defendants assert that these documents are irrelevant. They also object based on the privacy interests of the non-plaintiff laborers who were the subject of those hearings. The Court is not persuaded that the unemployment records pertaining to non-Plaintiff laborers are discoverable at this time, whether those unemployment proceedings involved Wal-Mart or Labor Ready. The limited issue at this time is whether the arbitration agreement is supported by consideration. Unemployment proceedings involving other laborers have no bearing on that issue.

---

[3] Labor Ready apparently responded to the discovery request by providing copies of two of the Plaintiffs' applications that provide that laborers "will not be entitled to receive any fringe benefits of any type from Labor Ready or Labor Ready's customer, including but not limited to, such things as health insurance, pension plans, 401(K) plans, profit sharing plans, sick leave and vacation." (Dkt. 74 at 7).

## III. CONCLUSION

For the reasons described above, this Court grants in part and denies in part Plaintiffs' Motion for Limited Discovery.

E N T E R:

Dated: September 5, 2013

MARY M. ROWLAND
United States Magistrate Judge